**E-Filed 12/19/2013**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>DONALD RAY WILLIAMS,<br><br>              Defendant. | Case No. 5:08-cr-00040-JF<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND DIRECTING THAT MATTER BE REASSIGNED TO ANOTHER DISTRICT JUDGE<br><br>[re: ECF No. 413] |

Defendant seeks reconsideration of this Court's order dated November 15, 2013, deferring consideration of his motion for relief pursuant to 28 U.S.C. § 2255 pending disposition of his direct appeal. *See* ECF Nos. 412, 413. Defendant's counsel asserts that she sought and obtained an extension of time to file Defendant's opening brief on appeal by representing to the Court of Appeals that this Court would determine the motion on the merits prior to the extended filing deadline. However, prior to obtaining the extension of time, counsel did not advise either the Court or the government that she was seeking expedited consideration of the § 2255 motion or even request that the Court establish a briefing schedule. As noted in the order dated November 15, 2013, the government has not yet responded to the motion (nor was it required to do so). *See* ECF No. 412. At no time did the Court authorize counsel to make any representation to the Court of

United States District Court<br>For the Northern District of California

**United States District Court**
For the Northern District of California

Appeals concerning the timing of the Court's consideration of the § 2255 motion, and apart from one circumstance discussed below, there is nothing in the record that conceivably could support such a representation.  The entry on this Court's electronic docket of the Court of Appeals' order granting Defendant an extension of time to file his opening brief (ECF No. 411) did not constitute proper notice either to this Court or to the government of a request for expedited consideration.

On February 4, 2010, shortly after she replaced Defendant's trial attorney, counsel sought an evaluation of Defendant's competency during trial, which had concluded many months earlier, pursuant to 28 U.S.C. § 4142.  *See* Tr. of Proc. held 2/4/2010, ECF No. 267.  In denying that request, the Court indicated that the appropriate means for raising the issue was a motion pursuant to 28 U.S.C § 2255.  *Id*. at 61:23-62:21.  The Court urged counsel to proceed with Defendant's sentencing expeditiously so that a § 2255 motion would be ripe, and in that context the Court assured counsel that a § 2255 motion thereafter would be determined on an expedited basis.  *Id*. at 59:18-23, 89:16-90:3.

In fact, Defendant was not sentenced until May 22, 2013, more than three years later.  ECF No. 349.  While much of this delay was the result of proceedings concerning Defendant's post-trial competency, a significant portion of it was requested by counsel based on her assertion that she had other professional and personal commitments and needed additional time to prepare.  Moreover, the § 2255 motion now before the Court, which although it was prepared by counsel is hand-written and in some places nearly illegible, raises many issues in addition to the issue of Defendant's competency during trial.  *See* ECF No. 407.  Under these significantly changed circumstances, counsel's representation to the Court of Appeals as to the timing of the Court's consideration of the § 2255 motion was not only unauthorized but also unreasonable.

Counsel also suggests that the undersigned deferred consideration of the § 2255 motion because his reassignment to duties in Washington, D.C., significantly limits the time that he is able to devote to pending matters in the Northern District of California.  It is true that the undersigned's time is limited.  However, the reasons for the Court's order dated November 15, 2013, including the requirements of Federal Rule of Criminal Procedure 37 and the fact that the government has not yet responded to the § 2255 motion, are set forth in their entirety in the text of that order.

2

**United States District Court**
For the Northern District of California

1         Notwithstanding the above, the undersigned acknowledges that proper consideration of the §

2    2255 motion – at such time as this Court has jurisdiction and the merits have been fully briefed – is

3    likely to be unusually time-consuming.  Although the undersigned's perspective as the trial judge in

4    the underlying matter is an important factor and the undersigned is reluctant to shift the burden to

5    another judge, the undersigned agrees that going forward it would be best if any future proceedings

6    with respect to the § 2255 motion were reassigned.

7         Accordingly, and good cause therefor appearing, IT IS HEREBY ORDERED that:

8        1.  The motion for reconsideration is denied.

9        2.  The Clerk is directed to reassign any future proceedings with respect to the § 2255

10       motion to another district judge.

11

12   DATED:  December 19, 2013 

13                                           JEREMY FOGEL

14                                           United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3